IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JOAN BOOTH and<br>MORRIS BOOTH JR.,<br><br>*Plaintiffs,*<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY<br><br>*Defendant.* | **Civil Action No.:**<br>**7:25-cv-00152-WLS** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTION TO DISMISS**

**NOW COMES THE PLAINTIFFS,** by and through undersigned counsel, and submit this Memorandum of Law in Opposition to Defendant State Farm Fire and Casualty Company (hereinafter "State Farm")'s Motion to Dismiss [D.E. 6].

**STATEMENT OF THE FACTS**

On September 27, 2024, a severe storm – Hurricane Helen – caused damage to the Plaintiffs' property located at 4615 Cindy Street in Valdosta, Georgia (the "Property"). Compl.⁋ 5. At all relevant times, Plaintiffs and their Property were insured by a policy of insurance issued by State Farm. Compl. ⁋ 22. This policy covered damage to the Plaintiffs' home caused by storms. Compl. ⁋⁋4, 7, 22.

Plaintiffs demanded payment from State Farm for the covered loss, but State Farm has refused to pay. Compl. ⁋⁋8,7. Plaintiffs gave notice of Plaintiffs' intents under O.C.G.A 33-4-6

ARGUMENT

I. **STANDARD OF REVIEW**

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the Defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555,127 S. Ct. 1955, 1964 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S., at 570, 127, S. Ct. 1955). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]hen ruling on a Defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff. *See Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998).

## II. PLAINTIFF HAS MOVED TO AMEND HIS COMPLAINT, MAKING DEFENDANT'S MOTION MOOT.

Plaintiff has moved to amend his complaint to remedy many of the deficiencies alleged in Defendant's motion. Leave to amend a complaint "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). As such, Defendant's Motion to Dismiss should be denied as moot.

## III. PLAINTIFF HAS STATED PLAUSIBLE CLAIMS FOR RELIEF

### a. State Farm Breached the Policy Contract

"[a]n insurance policy is simply a contract." *American Empire Surplus Lines Ins. Co. v. Hathaway Dev. Co.*, 288 Ga. 749, 750, 707 S.E.2d 369 (2011). In order to prevail on a breach of contract claim, Plaintiff must show (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." (internal quotation marks omitted) (quoting *Norton v. Budget Rent A Car Sys., Inc.*, 307 Ga.App. 501, 705 S.E.2d 305, 306 (2010)).

Here, Plaintiff has alleged that a valid insurance policy existed and covered the Properties for fire damages at the relevant times. (Comp.⁋⁋4, 6, 11). Plaintiff has alleged that the damage that occurred to the Property was due to a fire (Comp.⁋5), that Plaintiff demanded payment for those damages pursuant to the policy (Comp.⁋⁋6,11), and that Defendant has failed and refused to pay for the covered loss in breach of the insurance policy contract. (Comp. ⁋ 10). These allegations are more than sufficient to give "Defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555,127 S. Ct. 1955, 1964 (2007).

As such, Plaintiff's complaint should not be dismissed as it has adequately pled its breach of contract claim**.**

**b. Plaintiff Complied with O.C.G.A 33-4-6**

A demand made under OCGA § 33–4–6 must give the insurer notice that it is facing a bad faith claim. *Arrow Exterminators v. Zurich American Ins. Co.,* 136 F.Supp.2d 1340, 1356(III)(F) (N.D.Ga.2001); *Primerica Life Ins. Co. v. Humfleet,* 217 Ga.App. 770, 772(1), 458 S.E.2d 908 (1995). In interpreting and applying the statute, the Georgia Court of Appeals has held that no specific language is required. *BayRock Mortg. Corp. v. Chicago Title Ins. Co.*, 286 Ga. App. 18, 20, 648 S.E.2d 433, 436 (2007). To prevail on a claim for an insurer's bad faith

under OCGA § 33–4–6,2 the insured must prove: (1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days *prior to filing suit,* and (3) that the insurer's failure to pay was motivated by bad faith. OCGA § 33–4–6 (emphasis added).

Here, Plaintiff's Complaint states that "shortly after the fire . . .Plaintiff submitted a claim for damages to Defendant." (Comp. ⁋6). The fire occurred more than 2 years ago. Therefore, Plaintiff has sufficiently pleaded a claim of bad faith. In addition, as alleged in the Complaint, State Farm and the Plaintiff have been regularly engaged in communications, including an interview of Plaintiff, relating to Plaintiff's demand for payment (Comp. ⁋⁋7,8).

"[t]he bar for "meeting O.C.G.A. § 33-4-6's demand requirement as "exceedingly low". *First Solar Elec., LLC v. Zurich Am. Ins. Co*., No. 5:21-CV-408 (MTT), 2022 WL 731518, at *4 (M.D. Ga. Mar. 10, 2022). The demand requirement will be satisfied whenever "the language used [is]...sufficient to alert the insurer that it is facing a bad faith claim for a specific refusal to pay. *See BayRock Mortg. Corp. v. Chi. Title Ins. Co*.,648 S.E.2d 433, 435 (Ga. Ct. App. 2007) (alteration adopted) (quoting Arrow *Exterminators, Inc. v. Zurich Am. Ins. Co*., 136 F. Supp. 2d 1340, 1356 (N.D. Ga. 2001)). Thus, "Section 33-4-6 does not specify a format for a demand, and Georgia courts have held that no particular language in the demand "is necessary to" meet the statute's requirements. *See S. Realty Mgmt.,* 2008 WL 4787511, at *2; *see also First Solar Elec., 2022 WL 731518, at *4* (noting that the demand "need not contain specific or formulaic language, but ... must at a minimum put the insurer on notice that the insured plans to take legal action for bad faith if the demand is not met").

Because Plaintiff's demand sufficiently alerted State Farm Plaintiff has satisfied the requirements of OCGA § 33–4–6. As such, Defendant's motion must be denied.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Plaintiff asks the Court to Deny Defendant's Motion to Dismiss in its entirety, or, in the alternative, grant Plaintiff leave to amend the Complaint.

This the 23rd day of December, 2025

/s/ Brittany N. Conner
Brittany N. Conner, State Bar No.: 286376
*Attorney for Plaintiffs*
Salter Shook & Conner
PO Box 1040
Vidalia, GA 30475
Telephone: 912-537-1448
Facsimile: 912-537-0829
bconner@vidalialaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing pleading or paper to which this certificate is attached with the Clerk of the court using the CM/ECF system, which will forward this document to opposing parties via their counsel, via electronic mail as follows:

J. Holder Smith, Jr.
State Bar No.: 661105
P.O. Box 3007
Valdosta, GA 31604
229-242-2520
229-242-5040
jaysmith@youngthagard.com
*Attorney for Defendant State Farm Fire and Casualty Company*

This the 23rd day of December, 2025

/s/ Brittany N. Conner
Brittany N. Conner, State Bar No.: 286376
*Attorney for Plaintiffs*
Salter Shook & Conner
PO Box 1040
Vidalia, GA 30475
Telephone: 912-537-1448
Facsimile: 912-537-0829
bconner@vidalialaw.com