**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| JOAN BOOTH, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.: 7:25-CV-152 (WLS) |
| | : | |
| STATE FARM FIRE AND | : | |
| CASUALTY COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 6), filed on November 12, 2025. After review, the Motion is denied. Although State Farm points to supposed deficiencies in Plaintiffs' allegations of breach, these deficiencies, to the extent they exist, do not run afoul of *Iqbal* or *Twombly*. And State Farm's attempt to impose a non-existent requirement on the form of Plaintiffs' demand letter is likewise unpersuasive.

## I. PROCEDURAL BACKGROUND

Plaintiffs Joan and Morris Booth, Jr. commenced the above-captioned action by filing a Complaint (Doc. 1-2) in Lowndes County Superior Court. The Complaint asserts two claims. Count I asserts a bad faith failure to settle claim under O.C.G.A. § 33-4-6. (*Id.* ¶¶ 11–19). Count II asserts a breach of contract claim. (*Id.* ¶¶ 20–24). On November 5, 2025, State Farm filed a Notice of Removal (Doc. 1) removing the action to this Court.

State Farm filed the instant Motion to Dismiss (Doc. 6) and a Motion for Hearing (Doc. 7) on November 12, 2025. The Court denied the Motion for Hearing on February 23, 2026. (Doc. 15). Plaintiffs filed a Response (Doc. 11) to State Farm's Motion to Dismiss on December 23, 2025. State Farm filed a Reply (Doc. 12) on January 6, 2026. Plaintiffs filed an Amended Response (Doc. 13) on the same day, stating that their first response was filed in error. The Motion is thus fully briefed and are ripe for resolution.

1

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). "In evaluating the sufficiency of a plaintiff's pleadings, [the Court] make[s] reasonable inferences in plaintiff's favor, but [the Court is] not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555)).

Generally, the Court may not consider materials outside of the pleading and its attached documents without converting the motion to dismiss into a motion for summary judgment. *Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing Fed. R. Civ. P. 12(d)). A limited exception to this rule exists, however, with respect to extrinsic material that is "(1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Jackson v. City of Atlanta*, 97 F.4th 1343, 1350 (11th Cir. 2024). This exception is referred to as the "incorporation by reference"

doctrine. *See e.g., Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) (citing *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018)).

## III.   DISCUSSION

### A.  Plaintiffs' Allegations

With the applicable standard of review in mind, the Court addresses the allegations in the Complaint. As alleged, Plaintiffs own the property located at 4615 Cindy Street, Valdosta, Georgia, in Lowndes County (the "Property"). (Doc. 1-2 ¶ 5). The Property was insured by State Farm under Policy No. 81CKF5927 (the "Policy")[1] which provides insurance coverage to the Property for windstorm, hail, and hurricane damage. (*Id.* ¶¶ 3–4). The Policy was in effect on September 27, 2024, when the Property sustained a covered loss as a result of a severe storm ("Loss"). (*Id.* ¶ 5).

Plaintiffs "timely reported [the Loss] to Defendant." (*Id.* ¶ 6). "The Loss was covered under the Policy as a covered cause of loss." (*Id.* ¶ 7). Plaintiffs sent a demand of payment to State Farm and gave notice of its intent to take legal action against State Farm. (*Id.* ¶ 8). When Plaintiffs filed the Complaint, more than sixty days "ha[d] passed since [State Farm's] receipt of Plaintiffs' Demand." (*Id.* ¶ 10).

### B.  Motion to Dismiss

State Farm moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint in its entirety. State Farm first contends that Plaintiffs have failed to allege a breach of contract with sufficient specificity to satisfy federal pleading standards, and second, that Plaintiffs failed to comply with the demand requirements for a Georgia bad faith failure to settle claim. (*See* Doc. 6-1 at 4–9). Neither contention is persuasive.

#### 1.  *Plausible Allegations of Breach*

To state a claim for breach of contract, Plaintiffs must plausibly allege that State Farm owed them a contractual obligation, and breached that obligation, causing Plaintiffs to incur damages. *See Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1237 (11th Cir. 2019) (citing *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010)); O.C.G.A. § 13-6-1. State Farm asserts that Plaintiffs' claim fails at the breach element because they have not "provide[d] any factual basis for the allegations that State Farm actually breached a contract

---

[1] A copy of the Policy is attached to the Complaint as Exhibit A. (*See* Doc. 1-2 at 30–75).

or for the allegation that [P]laintiff[s] sustained damages as a result thereof." (Doc. 6-1 at 5–6). State Farm identifies two supposed deficiencies: (1) Plaintiffs fail to identify "the exact provisions of the . . . policy which entitle them to recovery and [that] State Farm allegedly breached[,]" and (2) Plaintiffs fail to make allegations "as to why State Farm owed the amount pled in the complaint." (*Id.* at 5–6). Yet neither deficiency renders Plaintiffs' allegations defective.

As for the first claimed deficiency, it is true that general assertions of a breach are insufficient alone to plausibly allege a claim for breach of contract. *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1359 (11th Cir. 2020) (citing *Twombly*, 550 U.S. at 555). Such generalized assertions run afoul of *Iqbal* and *Twombly*, which prohibit "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Yet where the pleading alleges a specific provision or agreement breached, it complies with the *Iqbal/Twombly* plausibility standard. *See Bass*, 947 F.3d at 1359. Plaintiffs have done so here. Specifically, Plaintiffs allege that the Policy covered damages from hurricanes and wind, (Doc. 1-2 ¶ 4), Plaintiffs suffered damages from a severe storm, (*id.* ¶ 5), and State Farm failed to properly compensate them as the Policy required. (*Id.* ¶ 22) ("The Loss was suffered by Plaintiffs and is a covered loss under the Policy, which Defendant agreed to insure as per the Policy declarations page, the Homeowners Policy HW-211, and all applicable forms and endorsements to the Policy."). In other words, Plaintiffs have alleged the specific provisions breached by State Farm—the provisions which provided coverage for hurricanes/wind damage. As such, Plaintiffs identify the breached provision with sufficient specificity to plausibly allege a breach. *See Boyd v. State Farm Fire & Casualty Co.*, No. 7:24-cv-116, 2025 WL 1073710, at *4 (M.D. Ga. Apr. 9, 2025) (denying motion to dismiss breach of contract claim regarding similar insurance policy provisions on the basis that plaintiff did not plead the provision breached with sufficient particularity under federal pleading standards).

As for the second claimed deficiency, Plaintiffs allege that the Loss resulted in $193,245.11 in damages. (Doc. 1-2 ¶ 6). While the Complaint itself does not state in detail how this number was reached, Plaintiffs attached an estimate from a third-party adjuster as an exhibit to the Complaint. (Doc. 1-2 at 10–29). This estimate provides an incredibly detailed calculation of the costs of repair totaling $193,245.11. (*See id.*) Plaintiffs allege that this amount

4

is for damages suffered "as a result of Defendant's breach[,]" and the exhibit reflects that the amount is the cost to repair the damage to the Property as a result of the covered Loss under the Policy. (Doc. 1-2 ¶ 24); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Thus, Plaintiffs plausibly allege that the amount specified in the Complaint is the amount of damages caused by State Farm's alleged breach.

In sum, the Court is unpersuaded that State Farm's proffered deficiencies render Plaintiffs' allegations of breach defective. Dismissal is thus not warranted on that ground; State Farm's Motion to Dismiss Count II is **DENIED**.

### 2. Bad Faith Claim Demand Requirements

Turning to Plaintiffs' bad faith claim, under O.C.G.A. § 33-4-6, an insured who suffers a loss covered by an insurance policy may recover additional damages if the issuer of the policy refuses to pay in bad faith. To recover under § 33-4-6, Plaintiffs must allege that (1) their claim is covered under the policy, (2) they demanded payment from State Farm no less than sixty days prior to filing suit, and (3) State Farm's failure to pay was in bad faith. *Lavoi Corp. v. Nat'l Fire Ins. of Hartford*, 666 S.E.2d 387, 392 (Ga. Ct. App. 2008).

Here, Plaintiffs sent a demand letter to State Farm on April 9, 2025. The letter is attached as an exhibit to Plaintiffs' Complaint. (Doc. 1-2 at 7–9). It was sent by Attorney James Huntington Odom of the Chad T. Wilson Law Firm, PLLC. (*Id.*) State Farm claims that because neither Attorney Odom nor Chad T. Wilson are licensed to practice law in the state of Georgia, the act of sending the demand letter constitutes the unauthorized practice of law and therefore renders the letter null and void. (Doc. 6-1 at 7–9). Thus, State Farm contends that a proper demand was never sent, and Plaintiffs' bad faith claim fails as a matter of law. (*Id.* at 9). Plaintiffs argue that nothing in § 33-4-6 requires that a Georgia-licensed attorney facilitate notice under the statute. (Doc. 13 at 4).

A district court in the Northern District of Georgia recently addressed and rejected an argument identical to the one State Farm asserts here in *Pace v. State Farm Fire & Cas. Co.*, No. 1:23-CV-04491, 2025 WL 3565405 (N.D. Ga. Sept. 26, 2025). In *Pace*, State Farm argued that a demand letter signed by two licensed public adjusters was void because it was the product of the unauthorized practice of law. 2025 WL 3565405, at *3. The court rejected that argument

because the evidence showed that the demand letter was "made by the holder of the policy" as required by § 33-4-6. *Id.* The same is true in this case. The demand letter sent by Attorney Odom states that his firm was retained by Plaintiffs to enforce their rights under the Policy. (Doc. 1-2 at 7). The letter names Plaintiffs as the insured, and it provides the applicable claim number, policy number, date of loss, and address of the loss. (*Id.*) State Farm has not cited any evidence to suggest that someone other than Plaintiffs made the demand or that it was made without Plaintiffs' authority. State Farm's argument necessarily relies on a theory that the demand is void under some other authority outside of § 33-4-6.

Here, as in *Pace*, State Farm cites Georgia statutes regulating the practice of law, and the non-analogous case of *Mine Chen v. Alexander Terry Assocs., Inc.*, 491 S.E.2d 834, 835 (Ga. Ct. App. 1997) where the Georgia Court of Appeals held that a "letter mailed to [a] trial court from . . . a non-lawyer employee of [the defendants' partnership] did not constitute an answer to the complaint by any of the individual defendants." (Doc. 6-1 at 7–8 (citing O.C.G.A. §§ 15-19-50–51)). This case is wholly distinguishable from *Mine Chen* for several reasons, but most significantly, because the demand letter in this case was not submitted to a court or tribunal. Rather, it was sent to an insurer as a notice of a demand for payment. State Farm does not cite any other authority for voiding an otherwise valid demand because the demand letter was signed by non-attorneys. And nothing in § 33-4-6 requires that an attorney licensed in the state of Georgia must submit the demand letter. Thus, because the notice substantially fulfilled its statutory purpose, State Farm's argument related to the unauthorized practice of law is without merit.

Accordingly, the Court finds that dismissal is not warranted on the ground that Plaintiffs failed to comply with the demand requirement of § 33-4-6. Thus, State Farm's Motion to Dismiss Count I is **DENIED**.

### 3. *Morris Booth Jr.'s Death*

Finally, the Court must address State Farm's argument that all claims brought in the name of Plaintiff Morris Booth, Jr. should be dismissed as a nullity based on the allegation that Morris Booth, Jr. is deceased. (Doc. 6-1 at 9). Indeed, paragraph 1 on the Complaint plainly states "Morris Booth, Jr. is deceased." (Doc. 1-2 ¶ 1). Plaintiffs have not addressed

Morris Booth, Jr.'s death whatsoever, even though the issue was raised in State Farm's original Answer and in the instant Motion to Dismiss. (*See* Doc. 1-2 at 79 & Doc. 6-1 at 9).

As a general rule, "[o]nly a real party in interest has the capacity to bring a lawsuit." *Tennyson v. ASCAP*, 477 F. App'x 608, 610 (11th Cir. 2012) (citing Fed. R. Civ. P. 17(a), (b)). "'The capacity doctrine relates to the issue of a party's personal right to litigate in federal court.'" *Id.* (quoting *Glickstein v. Sun Bank/Miami, N.A.*, 922 F.2d 666, 670 (11th Cir. 1991), *abrogated on other grounds by Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir. 2001)). It follows that "a deceased individual cannot be a party to a lawsuit." *In re Engle Cases*, 2013 WL 8115442, at *2 (M.D. Fla. January 22, 2013), *aff'd*, 767 F.3d 1082 (11th Cir. 2014); *see Mathews v. Cleveland*, 159 Ga. App. 616, 617 (1981) ("A deceased person cannot be a party to legal proceedings."). Thus, "a lawsuit filed in the name of a deceased individual is a nullity over which this Court has no jurisdiction." *Id.* (citation omitted). In *In re Engle Cases*, the district court addressed whether personal injury cases brought in the name of deceased plaintiffs were nullities. The court noted the scarcity of caselaw on this issue, which it presumed was due to the infrequency in which an attorney is unaware at the time of filing suit that the client is deceased. *Id.* Relying on persuasive authority from other circuit and district courts, the court concluded that "an action filed in the name of a pre-deceased plaintiff, asserting a personal injury claim, is not viable and must be dismissed." *Id.* (citations omitted).

A district court in the Southern District of Georgia reached a similar conclusion in *Sams v. GA W. Gate, LLC*, No. CV415-282, 2016 WL 3339764 (S.D. Ga. June 10, 2016) when reviewing claims under the Fair Housing Act brought by multiple plaintiffs, two of which predeceased the action's commencement. The court determined that because the deceased plaintiffs were not proper parties at the time the case was filed, substitution of their estates' administrators under Federal Rule of Civil Procedure 25 was not available. *Sams*, 2016 WL 3339764, at *2. However, unlike in *In re Engles Cases*, other living plaintiffs remained in the case with viable claims, and thus, the court found that Rules 20 and 21 allowed for the joinder of the administrators of the deceased plaintiffs' estates. *Id.* at *3. Under Rule 21, the Court, "[o]n motion or on its own . . . may at any time, on just terms, add or drop a party." And Rule 20 contemplates joinder of plaintiffs if "they assert any right to relief . . . with respect to or arising

7

out of the same transaction, occurrence, or series of transactions or occurrences[,] and any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

Here, Morris Booth, Jr.'s claims undoubtedly arise out of the same facts as those of Plaintiff Joan Booth and involve common questions of law and fact. For example, the Complaint alleges that the Policy was issued to both Joan and Morris. (Doc. 1-2 ¶ 3). The Court cannot discern a reason for Plaintiffs' counsel's decision to name Morris Booth, Jr. as a plaintiff in this suit with the full knowledge that he is deceased. Nonetheless, the addition of the administrator of his estate may be appropriate in this case. *See Brown v. Trevino*, No. 1:22-CV-136, 2023 WL 12239341, at *2 (M.D. Ga. Apr. 6, 2023) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable." (citation omitted)); *see also Morris v. Riverview Health & Rehab. Ctr.*, 2012 WL 70675, at *1 n.1 (S.D. Ga. Jan. 9, 2012) ("An estate is not a legal entity which can normally be a party plaintiff to legal proceedings, because the exclusive right to bring actions on behalf of the estate is in the executor or administrator."). As such, the Court will allow Plaintiffs the opportunity to file the proper motion under the Federal Rules to add the proper party within twenty-one days. Accordingly, State Farm's Motion to Dismiss the claims of Morris Booth, Jr. is **DENIED**, without prejudice.

## CONCLUSION

In sum, having rejected State Farm's arguments for dismissal of Counts I and II of the Complaint, the Motion to Dismiss (Doc. 6) as to those claims is **DENIED**. State Farm's Motion to Dismiss the claims of Morris Booth, Jr. is **DENIED**, without prejudice. Plaintiffs may file a motion to add the proper party, in accordance with the Federal Rules, **within twenty-one (21) days** of the entry of this Order, or **by no later than Thursday, May 7, 2026**. Failure to do so may result in the granting of State Farm's renewed motion on the ground previously submitted.

**SO ORDERED**, this 17th day of April 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**